IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KYLE W. OBERG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18-cv-2140-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Petitioner Kyle W. Oberg's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is **DENIED**.

#### BACKGROUND

I.   **Underlying Criminal Case**

Oberg came to the attention of police after his five-year-old daughter, A.O., reported that she was taking pictures of her dog because her father liked to take pictures of her "private area." *United States v. Oberg*, 877 F.3d 261, 262 (7th Cir. 2017). A police search of Oberg's home revealed that Oberg had 337 photos and three videos of his daughter exposing her genitals. *Id.* "Two of the videos show A.O. seated with her legs spread, rubbing a clear gel onto her vagina; in the second video, the song "Sexy and I Know It" plays in the background. In the third video, A.O. is lying on her back with her legs spread, and a man's index finger enters her vagina." *Id.*

1

On September 18, 2013, a superseding indictment was returned charging Oberg with two counts of Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Section 2251(a) (Counts 1 and 2); and Possession of Visual Depictions of Prepubescent Minors Engaged in Sexually Explicit Conduct (Count 3), in violation of Title 18, United States Code, Section 2252(a)(4)(B) (Criminal Case, [1] Doc. 14). On August 16, 2016, Oberg entered an open plea of guilty to all three counts of the superseding indictment (Criminal Case, Doc. 76). The Court sentenced Oberg to a term of 360 months' imprisonment on Counts 1 and 2, and a term of 240 months' imprisonment on Count 3, to run concurrently; a $ 600 fine; a lifetime term of supervised release on each count, to run concurrently; and a $300 special assessment (Criminal Case, Docs. 98, 102). On December 1, 2017, the Court of Appeals issued its opinion affirming Oberg's sentence (Criminal Case, Doc. 42).

## II.    Section 2255 Petition

On December 4, 2018, Oberg timely filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court found that Oberg's petition survived preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings, and the Government filed a timely response on February 22, 2019 (Doc. 8). Oberg failed to file a reply (Doc. 11) and has submitted a character letter in support of his petition (Doc. 13). The bulk of Oberg's lengthy motion consists of a number of different reasons why he believes Federal Public Defender ("FPD") Phillip J. Kavanaugh and

---

[1] *United States v. Oberg*, No. 3:13-cr-30182-DRH (S.D. Ill).

Criminal Justice Act Attorney Eric W. Butts were ineffective. FPD Kavanaugh represented Oberg from August 23, 2013, through September 29, 2015, when his office developed a conflict of interest. At that point, Attorney Butts stepped in as defense counsel. Attorney Butts represented Oberg at his change of plea (August 16, 2016), at sentencing (March 3, 2017), and on appeal.

## LEGAL AUTHORITY

### I. Section 2255 Standard

Section 2255 permits prisoners to petition their sentencing court for relief from their sentence if the sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under section 2255 is "reserved for extraordinary situations" and cannot substitute for direct appeals. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Oberg ultimately bears the burden to prove the allegations in his petition warrant relief under section 2255. *Stetson v. United States*, 417 F.2d 1250, 1253 (7th Cir. 1969).

### II. Ineffective Assistance of Counsel

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014). "With respect to the performance prong, a movant must overcome the 'strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Wyatt*, 574 F.3d at 457-58. "A court, in reviewing a petitioner's claim of ineffective assistance of counsel, must give great deference to the attorney's performance due to the distorting effects of hindsight." *Bishawi*, 292 F. Supp. 2d at 1127 (citing *Strickland*, 466 U.S. at 689). "Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

In a case where a petitioner pled guilty because of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test, a petitioner must show that his counsel's advice leading to the plea was outside the range of professionally competent assistance. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann*, 397 U.S. at 771; *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017); *Hill*, 474 U.S. at 59. Counsel's deficient performance must have been a decisive factor in the defendant's decision to enter a guilty plea. *Wyatt*, 574 F.3d at 458. To make such a showing, a petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony that he would have insisted on going to trial is not enough. *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011).

4

### III. Evidentiary Hearing

The district court is not required to hold an evidentiary hearing on a section 2255 motion if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Cooper v. United States*, 378 F.3d 638, 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)); *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) ("There is no requirement that the district court grant an evidentiary hearing for every § 2255 petition alleging factual improprieties."). In the instant case, the Court finds that a hearing is not required. The record conclusively shows that Oberg is not entitled to relief. Accordingly, no evidentiary hearing is required.

### DISCUSSION

Oberg asserts that he was deprived of the right to effective assistance of counsel guaranteed by the Sixth Amendment of the Constitution. The Court addresses each of Oberg's alleged instances of ineffectiveness in turn below.

### I. Attorney Butts – Appellate Counsel

#### *Lack of Communication*

Oberg argues that Attorney Butts was ineffective because he failed to effectively communicate with Oberg regarding the appeal. Specifically, Oberg claims that he could not "engage in effective appellate strategy" with Attorney Butts because he was in transit between various federal facilities and/or because he was being housed in protective custody (Doc. 1, p. 18). As a result, Oberg argues, the appellate brief was filed solely by appellate counsel who merely raised a "catch-all" argument. *Id*.

Aside from criticizing appellate counsel for only raising a "catch-all" argument, Oberg fails to provide specific examples of arguments appellate counsel failed to raise or other issues he did not address because of the alleged lack of communication. Oberg must show that the conduct of his counsel on appeal "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Oberg has not made such a showing.

He contends that his appellate counsel did not communicate with him, but the appellate record does not support this claim. Instead, pleadings filed by appellate counsel indicate that, although appellate counsel experienced some difficulty communicating with Oberg, appellate counsel requested and received briefing extensions to allow for additional time to communicate with Oberg (Docs. 8-17, 8-18). Additionally, the appellate record reveals that appellate counsel was communicating with and receiving direction from Oberg. For example, on July 14, 2017, appellate counsel filed his fifth motion for extension noting that, after speaking with Oberg, he was engaging in "additional research and file review." (Doc. 8-17). He also indicated that Oberg had "directed counsel to review and research those issues raised and discussed" during their recent telephone discussion (Doc. 8-17). Similarly, on July 20, 2017, appellate counsel filed his sixth motion for extension of time, stating that he spoke with Oberg regarding his concerns and issues he would like to raise on appeal and required additional time to address matters raised by Oberg (Doc. 8-18). Considering the above, the Court finds that Oberg has failed to demonstrate that appellate counsel acted unreasonably or that any actions he failed to take because of an alleged lack of communication prejudiced the outcome of his appeal.

*Double Jeopardy/Multiplicity*

Oberg contends that appellate counsel was ineffective because he failed to argue that counts 1 and 2 of the superseding indictment were multiplicitous and/or that his sentence violated the Double Jeopardy clause. Oberg did not raise this argument in the district court; instead, he entered an unconditional guilty plea. As such, the claim was waived. *See United States v. Broce,* 488 U.S. 563, 571 (1989); *Gomez v. Berge,* 434 F.3d 940, 943 (7th Cir. 2006); *United States v. Ballinger*, 465 F. App'x 563, 565 (7th Cir. 2012). Under these circumstances, Attorney Butts was not ineffective for failing to raise this argument on appeal. *See Anders v. California*, 386 U.S. 738 (1967) (attorney not required to raise frivolous arguments on appeal).

The Court further finds that Oberg's claim is based on a misunderstanding of the law. "Multiplicity consists of charging the same defendant with the same offense in several different counts." *United States v. Marquardt,* 786 F.2d 771, 779 (7th Cir. 1974). As noted by the Government, Count 1 charged the production of a *still* image and Count 2 charged the production of a *video* image. Accordingly, there is an element in each count that is not required to prove the offense in the other, and therefore, there is no multiplicity violation. The same is true to the extent that Oberg is arguing that his conviction for production and possession of child pornography violates the Double Jeopardy clause. *See Blockburger v. United States*, 284 U.S. 299 (1932). Accordingly, the ineffective assistance of counsel claim in this regard is meritless.

*Thompson Claim*

Oberg asserts that the court failed to go over the Supervised Release conditions in the manner directed by the Seventh Circuit in *United States v. Thompson*, 777 F.3d 368, 372 (7th Cir. 2015), and that appellate counsel was ineffective for failing to raise this issue on appeal. However, any argument on appeal that the conditions were vague and imposed without an explanation would have been frivolous. The imposed conditions were contained in the presentence investigation report ("PSR") which was filed on November 28, 2016 (Criminal Case, Doc. 77). Every condition in the PSR included an explanation, and at sentencing, Oberg confirmed that he read the PSR, including the conditions of supervised release and their explanations and understood them (Criminal Case, Doc. 119 pp. 4-5). Additionally, at sentencing, the Court provided justification for the imposed special conditions of supervised release (Criminal Case, Doc. 119 pp. 86-91). Accordingly, this claim is without merit.

## II. Attorney Butts – Sentencing Counsel

*Withdrew objections to certain enhancements*

Oberg claims that Attorney Butts was ineffective because he withdrew his objections to certain enhancements in Oberg's advisory guideline range (Doc. 1, pp. 24-25). Oberg admits, however, that the objections were withdrawn to (1) ensure that Oberg received a two-point reduction for acceptance of responsibility and (2) prevent the Government from playing the three videos exposing his daughter's genitals (Doc. 1, p. 25). Considering this, Oberg cannot show that counsel's decision to withdraw the subject objections "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

8

Pursuing the objections could have jeopardized Oberg's two-point reduction for acceptance of responsibility. Additionally, playing the videos at sentencing – one of which depicted Oberg digitally penetrating his five-year-old daughter – might have caused the Court to impose a higher sentence.[2] Under these circumstances, counsel made a reasonable strategic choice, and the Court cannot conclude that his performance was deficient.[3] This claim, therefore, fails.

*<u>Mitigation Arguments</u>*

Oberg contends that Attorney Butts was ineffective because he "failed to object to [the] court's imposing of sentence when advising the District Court there were no arguments in mitigation. . ." (Doc. 1, p. 24). It appears that Oberg is faulting Attorney Butts for failing to present any evidence in mitigation. Attorney Butts, however, filed a 14-page sentencing memorandum (Criminal Case, Doc. 95). The sentencing memorandum presented numerous mitigating factors, including Oberg's childhood, Oberg's history as a loving and devoted father, Oberg's lack of criminal history, and a benign tumor in Oberg's brain (Criminal Case, Doc. 95). Attorney Butts also raised arguments in mitigation orally at sentencing (Criminal Case, Doc. 118 at 62-67). Thus, Oberg has failed to demonstrate that Attorney Butts' performance was deficient in this regard.

---

[2] The Government requested a sentence of 420 months' imprisonment (Doc. 8, p. 31). Additionally, the sentencing judge could have sentenced Oberg anywhere up to 960 months' imprisonment (Doc. 8, p. 32).
[3] The Court need not address both the prejudice and performance prongs of *Strickland* if it concludes Oberg cannot establish one. See *Taylor v. Bradley*, 448 F.3d 942, 949 (7th Cir. 2006).

*Exhibit 21 and Special Agent Wargo*

Oberg claims Attorney Butts was ineffective because he (1) failed to object to Government Exhibit 21 at sentencing and (2) did not cross-examine Special Agent David Wargo regarding Exhibit 21 (Doc. 1, p. 26). Special Agent Wargo performed a forensic examination of the digital media seized from Oberg's house and prepared reports regarding the same (Criminal Case, Doc. 119, pp. 15-16). In reviewing the digital media, Special Agent Wargo identified 337 images of Oberg's daughter having the lascivious display of her genitals (Criminal Case, Doc. 119, p. 18). Government Exhibit 21 summarized the creation dates for each of the 337 images, indicating that the images were taken on 24 separate occasions (Criminal Case, Doc. 119, pp. 15-16, 56). Oberg contends that Attorney Butts should have challenged the creation dates on the images because date stamps can change when a file is resaved or moved to a different location (Doc. 1, p. 26).

He does not allege that any of the dates were in fact incorrect. He merely notes that an incorrect creation date is a possibility and claims, without elaboration, that the outcome of his sentencing would have been different but for Attorney Butts' allegedly deficient performance. Oberg's claim as to deficient performance and the consequences of that allegedly deficient performance are conclusory and speculative. Such allegations do not support an ineffective assistance of counsel claim. *See United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002) ("conclusory allegations do not satisfy *Strickland's* prejudice component").

### *Allocution and Opportunity to Object*

Oberg claims Attorney Butts failed to advise him of his right to allocution and faults him for directing Oberg to refrain from making certain arguments during sentencing (Doc. 1, p. 27). Specifically, Oberg states that, when the sentencing judge gave Oberg an opportunity to speak ("Mr. Oberg, you want to step up and talk to me?), he approached the podium and began reading a letter co-authored by Attorney Butts. However, when Oberg "began to speak freely to offer a rebuttal," Attorney Butts leaned over and whispered "Be quiet. You are only going to make things worse." *Id*.

To the extent that Oberg is claiming he was not given the right to allocute, the record does not support his claim. The sentencing judge gave Oberg an open-ended opportunity to speak prior to imposing sentencing. This procedure was all that the rule for allocution requires. *See United States v. Williams*, 258 F.3d 669, 674-75 (7th Cir. 2001) (holding that court's question to defendant "is there anything that you would like to say" was unambiguous invitation for allocution not limited to a particular issue). *See also United States v. Cannaday*, 347 F. App'x 242, 245 (7th Cir. 2009) (attorney's comments did not interfere with defendant's right of allocution where sentencing judge gave defendant an open-ended opportunity to speak prior to sentencing). Accordingly, even assuming Attorney Butts did not advise Oberg of his right to allocution, Oberg cannot meet the prejudice prong of the *Strickland* test.

To the extent that Oberg contends Attorney Butts was ineffective for instructing him to refrain from speaking freely and offering a rebuttal, the claim also fails. Any rebuttal by Oberg could have jeopardized Oberg's 2-point reduction for acceptance of

responsibility. As such, the Court finds that the allegedly deficient conduct was a reasonable strategic decision and cannot support a finding of ineffective assistance of counsel.

### *Failure to Investigate*

Oberg next claims Attorney Butts was ineffective "by failing to adequately investigate and do other preparation necessary to challenge the prosecution and present a case in mitigation for a trial or at sentencing" (Doc. 1, p. 29). As previously noted, the record reveals that Attorney Butts *did* present argument in mitigation. He submitted a 14-page sentencing memorandum that presented numerous mitigating factors for the Court to consider in connection with sentencing and in support of his request for a below guideline sentence of 15 years' imprisonment. He also presented mitigation arguments orally at sentencing. After considering Attorney Butts' argument, the sentencing judge commented that Mr. Butts "made an argument that is as good as it gets in his sentencing memorandum." Ultimately, the sentencing judge was not persuaded by Attorney Butts' argument, but that is not a basis for finding that his performance was ineffective.

As to the alleged failure to investigate, Oberg contends that Attorney Butts should have investigated various things that might have established his innocence. For instance, Oberg claims that Attorney Butts should have investigated and presented evidence regarding his daughter's history of rashes. Oberg's arguments in this regard are vague and entirely speculative. Oberg has not established that presenting evidence about his daughter's alleged history of rashes (or any other matters he raises) would have altered the outcome of his sentencing. The evidence presented was overwhelming – 337 still

images and three videos of Oberg's daughter in the lascivious display of her genitals. One of the videos depicts Oberg inserting his finger into his daughter's vagina, and a second video depicts the child rubbing a clear gel on her vagina while the song "Sexy and you know it" plays in the background. Under these circumstances, the Court cannot conclude that Oberg's underdeveloped argument regarding Attorney Butts' alleged failure to investigate certain matters prejudiced him in any way. *See Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir.2003) (when the alleged deficiency is a failure to investigate, the movant must provide "the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced."); *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004) ("Whether a movant who pleaded guilty can establish prejudice from counsel's failure to investigate depends on whether the information that might have been discovered would have led counsel to change his recommendation as to the plea."). Accordingly, this claim also fails.

### *Involuntary Plea*

Although not entirely clear, Oberg appears to argue that his guilty plea was somehow involuntary because Attorney Butts allegedly provided him with erroneous guideline calculations. This claim is also without merit. "To demonstrate prejudice arising from a guilty plea allegedly rendered involuntary by counsel's deficient performance, a petitioner must establish that counsel's performance was objectively unreasonable and that, but for counsel's erroneous advice, he would not have pleaded guilty." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). In the context of a contested guilty plea, an attorney's "alleged miscalculation, standing alone, could never

suffice to demonstrate deficient performance unless the inaccurate advice resulted from the attorney's failure to undertake a good-faith analysis of all of the relevant facts and applicable legal principles." In the instant case, Oberg has failed to allege facts suggesting that any alleged miscalculation was not taken in good faith.

Moreover, any argument that erroneous advice rendered his plea unwitting and involuntary is belied by Oberg's own statements at the change of plea hearing, which are presumed truthful. *See United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998). At the change of plea hearing, the Court reviewed the maximum statutory penalties Oberg was facing and noted that guidelines calculations are not binding on the Court (Criminal Case, Doc. 121, pp. 16-21). Oberg indicated that he understood the maximum statutory penalties, that the guidelines calculations were not binding, and that he was pleading guilty of his own free will. *Id.* Thus, Oberg was aware of the consequences of his guilty plea despite any allegedly erroneous advice from Butts. Therefore, his attorney's representation did render his plea unwitting or involuntary.

### III. Federal Public Defender Phillip J. Kavanaugh

As previously noted, Federal Public Defender Phillip J. Kavanaugh ("FPD Kavanaugh") represented Oberg up until September 25, 2015, when he filed a motion to withdraw due to a conflict of interest (Criminal Case, Doc. 51). The motion was granted (Criminal Case, Doc. 53), and Attorney Butts entered his appearance on behalf of Oberg on September 29, 2015.

Oberg contends that Kavanaugh was ineffective for not producing medical evidence "to show intent of relevant conduct as a mitigating factor and could have been

used/included in the PSR for supervision decisions and treatment plans." He also contends that Kavanaugh was ineffective for failing to secure a polygraph examination. As to the former, the Court cannot discern Oberg's meaning when he faults Attorney Kavanaugh for failing to produce evidence showing "intent of relevant conduct."[4] Even assuming, however, that such conduct amounts to a deficiency, Oberg does not specify how the alleged deficiency would have altered the outcome of his proceeding. A showing that is particularly difficult where, as here, new counsel took over the case some 10 months before Oberg entered his change of plea and 17 months before Oberg was sentenced. Oberg's argument regarding Attorney Kavanaugh's failure to procure a polygraph examination is equally unavailing. Once again, Oberg fails to specify how the results of a polygraph examination would have changed the outcome of the sentencing.[5] Accordingly, Oberg has failed to meet his burden under *Strickland* as to any alleged ineffective assistance claims directed at Kavanaugh.

## IV. Additional Undeveloped Arguments

Numerous additional undeveloped arguments are peppered throughout Oberg's Petition and his reply briefing. These claims include, but are not limited to, the following: (1) lack of meaningful access to the courts; (2) erroneous calculations; (3) due process

---

[4] In his Reply, Oberg notes that, prior to sentencing, he participated in numerous medical examinations and provided counsel with his medical records. He claims that FPD Kavanaugh and/or Attorney Butts were ineffective for failing to compile this medical information and present it at sentencing in support of mitigation (Doc. 11, pp. 8-10). As with other arguments raised by Oberg, this argument is underdeveloped. It is unclear what specific medical record or records he claims should have been presented at sentencing or how the records would have altered the outcome of his sentencing. Moreover, Oberg fails to demonstrate how any decision not to present medical evidence in mitigation at his sentencing was anything other than a reasonable strategic choice.

[5] In his Reply, Oberg indicates that he volunteered to take a polygraph exam to "prove [he] was not aroused while the images and videos were taken." (Doc. 11, p. 10).

15

violation in an uninformed plea, and (4) matters relating to a presentence investigation report waiver, nolo contendere plea, conditional plea, and pre-plea presentence investigation report. As the case law clearly states, it is the responsibility of the defendant to present "specific acts or omissions" as to how his lawyer was ineffective in order to overcome the presumption that his counsel "rendered reasonably effective assistance." *See Strickland*, 466 U.S. at 690. Because Oberg fails to meet this standard, these claims will not be addressed by the Court.

## DISPOSITION

For the above stated reasons, Petitioner Kyle Oberg's Motion for Relief pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**; and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012), *Tennard v. Dretke*, 542 U.S. 274, 281 (2004), *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the foregoing reasons, this Court has determined that Oberg has not stated any grounds for relief under § 2255 and that reasonable jurists would not find that conclusion debatable or wrong. Thus, Oberg has not made a "substantial showing of the denial of a constitutional right," and the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

Dated: March 29, 2022

_____
DAVID W. DUGAN
United States District Judge