IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KYLE W. OBERG,                              )
                                            )
              Petitioner,                   )
                                            )
vs.                                         )        Case No. 18-cv-2140-DWD
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
              Respondent.                   )

<u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

This matter is before the Court on Petitioner Kyle W. Oberg's Motion for Relief from Judgment (Doc. 16) filed pursuant to Federal Rule of Civil Procedure 60(b)(1). Oberg contends that through mistake or inadvertence, the Court overlooked his reply brief and asks the Court to set aside its judgment denying his § 2255 motion. Oberg has also filed motions seeking to extend his time to appeal (Docs. 17 and 18). For the reasons set forth below, the motions are **DENIED.**

I.        BACKGROUND

A.        **Underlying Criminal Case**

Oberg came to the attention of police after his five-year-old daughter, A.O., reported that she was taking pictures of her dog because her father liked to take pictures of her "private area." *United States v. Oberg*, 877 F.3d 261, 262 (7th Cir. 2017). A police search of Oberg's home revealed that Oberg had 337 photos and three videos of his daughter exposing her genitals. *Id.* "Two of the videos show A.O. seated with her legs

spread, rubbing a clear gel onto her vagina; in the second video, the song "Sexy and I Know It" plays in the background. In the third video, A.O. is lying on her back with her legs spread, and a man's index finger enters her vagina." *Id.*

On September 18, 2013, a superseding indictment was returned charging Oberg with two counts of Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Section 2251(a) (Counts 1 and 2); and Possession of Visual Depictions of Prepubescent Minors Engaged in Sexually Explicit Conduct (Count 3), in violation of Title 18, United States Code, Section 2252(a)(4)(B) (Criminal Case, [1] Doc. 14). On August 16, 2016, Oberg entered an open plea of guilty to all three counts of the superseding indictment (Criminal Case, Doc. 76). The Court sentenced Oberg to a term of 360 months' imprisonment on Counts 1 and 2, and a term of 240 months' imprisonment on Count 3, to run concurrently; a $ 600 fine; a lifetime term of supervised release on each count, to run concurrently; and a $300 special assessment (Criminal Case, Docs. 98, 102). On December 1, 2017, the Court of Appeals issued its opinion affirming Oberg's sentence (Criminal Case, Doc. 42).

**B.    2255 Procedural Background**

On December 4, 2018, Oberg timely filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court found that Oberg's petition survived preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings, and the Government filed a timely response on February 22, 2019 (Doc. 8).

---

[1] *United States v. Oberg*, No. 3:13-cr-30182-DRH (S.D. Ill).

Oberg filed a reply (Doc. 11) and submitted a character letter in support of his petition (Doc. 13). On March 29, 2022, the Court denied Oberg's § 2255 petition and entered judgment (Docs. 14 and 15).

On May 20, 2022, 52 days after entry of judgment,[2] Oberg filed a Motion for Relief from Judgment citing to Federal Rule of Civil Procedure 60(b)(1). Oberg contends that in rendering judgment, the Court failed to consider his reply brief. Oberg does not specifically identify any material argument contained in his reply brief that was overlooked. Rather, he contends the Court overlooked his reply brief in its entirety.

On April 3, 2023, 371 days after entry of judgment, Oberg filed a Motion to Correct Error (Doc. 17) and a Motion for Extension of Time to File an Appeal (Doc. 18). In his Motion to Correct Error, Oberg contends that he did not receive notice of the Court's order of dismissal and entry of judgment until May 5, 2022 – 37 days after judgment had been entered. The judgment and order Oberg received were dated as having been filed on *March* 29, 2022. But Oberg misread the date as *April* 29, 2022. Because Oberg did not receive the notice and order until May 5, 2022, the later filing date made sense to him. Accordingly, when Oberg filed his Rule 60(b)(1) Motion for Relief from Judgment on May 20, 2022 (Doc. 16), he mistakenly believed the motion tolled the time to appeal

---

[2] The Clerk's Office received Oberg's Motion for Relief from Judgment on May 27, 2022 and docketed it on June 1, 2022. But when determining filing dates for prisoners, federal courts apply the prisoner mailbox rule, which provides that a prisoner's document is deemed filed when it is placed in the prison mail system. *Ingram v. Jones*, 507 F.3d 640 (7th Cir. 2007). Applying the prisoner mailbox rule, Oberg's Motion for Relief from Judgment was filed on May 20, 2022 – 52 days after entry of judgment.

under Federal Rule of Appellate Procedure 4(a)(4).[3] Oberg did not realize his mistake until he was reviewing his paperwork in March 2023 and observed that the order and judgment were dated *March* 29, 2022 and not *April* 29, 2022. Oberg asks the Court to correct his Rule 60(b)(1) motion to indicate that the judgment and order were entered on March 29, 2022. He also asks the Court to grant him an extension to file a notice of appeal.

## II.   DISCUSSION

### A. Motion for Relief from Judgment

 "[W]hether a motion filed within 28 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within 28 days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742-43 (7th Cir. 2009); s*ee also Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994).

 In the instant case Oberg indicates that his Motion for Relief from Judgment is brought pursuant to Federal Rule of Civil Procedure 60(b). And, given its date of filing (52 days following the entry of judgment), that is the only way it can be construed. *See*

---

[3] In general, the time to appeal a judgment is tolled when a Rule 60(b) motion or a Rule 59(e) motion is filed within 28 days after the entry of judgment or order appealed from. Federal Rule of Appellate Procedure 4(a)(4).

4

Federal Rule of Civil Procedure 6(b)(2) (barring courts from extending the time within which a party may move to alter or amend a judgment under Rule 59(e) or 60(b)).

Rule 60(b) allows relief from judgment on the grounds of mistake, surprise, newly discovered evidence, fraud, misconduct by the opposing party, and other bases justifying relief. Fed. R. Civ. P. 60(b). But only if the movant has demonstrated exceptional circumstances. *Banks*, 750 F.3d at 668; *Kathrein v. City of Evanston*, 752 F.3d 680, 690 (7th Cir. 2014).

In his Motion for Relief from Judgment, Oberg contends the Court failed to consider his reply brief in its entirety. Oberg indicates that his reply "squarely addresses the Government's Response for each ground in-turn and should have been included in the Court's review prior to final judgment." Oberg's position, though mistaken, is more than understandable. In the subject order, the Court mistakenly indicated that Oberg "failed to file" a reply. This was a typographical error. Immediately after making this statement, the Court cited to Oberg's reply, noting that it was filed at Doc. 11. (Doc. 14, p. 2). The Court's opinion also included the following discussion pertaining to Oberg's reply:

> Numerous additional undeveloped arguments are peppered throughout Oberg's Petition and his reply briefing. These claims include, but are not limited to, the following: (1) lack of meaningful access to the courts; (2) erroneous calculations; (3) due process violation in an uninformed plea, and (4) matters relating to a presentence investigation report waiver, nolo contendere plea, conditional plea, and pre-plea presentence investigation report. As the case law clearly states, it is the responsibility of the defendant to present "specific acts or omissions" as to how his lawyer was ineffective in order to overcome the presumption that his counsel "rendered reasonably effective assistance." See Strickland, 466 U.S. at 690. Because

5

Oberg fails to meet this standard, these claims will not be addressed by the Court.

(Doc. 14, pp. 15-16).

In his Reply, Oberg notes that, prior to sentencing, he participated in numerous medical examinations and provided counsel with his medical records. He claims that FPD Kavanaugh and/or Attorney Butts were ineffective for failing to compile his medical information and present it at sentencing in support of mitigation (Doc. 11, pp. 8-10). As with other arguments raised by Oberg, this argument is underdeveloped. It is unclear what specific medical record or records he claims should have been presented at sentencing or how the records would have altered the outcome of his sentencing. Moreover, Oberg fails to demonstrate how any decision not to present medical evidence in mitigation at his sentencing was anything other than a reasonable strategic choice.

(Doc. 14, p. 15, n.4)

In his Reply, Oberg indicates that he volunteered to take a polygraph exam to "prove [he] was not aroused while the images and videos were taken." (Doc. 11, p. 10).

(Doc. 14, p. 15, n.5)

This demonstrates that the Court did consider Oberg's reply, and that the Court's statement regarding the absence of a reply was merely a typographical order. Nonetheless, after reviewing the order of dismissal and Oberg's reply, the Court finds that there is no basis for granting relief from judgment. Accordingly, Oberg's Motion for Relief from Judgment (Doc. 16) is **DENIED**.

**B. Motion to Correct Error and Motion for Extension of Time to Appeal**

Oberg asks the Court to extend his time for filing a notice of appeal or, alternatively, to deem his Rule 60(b)(1) motion as having been filed within 28 days of

entry of judgment. For the following reasons, the Court finds it is without authority to grant the requested relief.

A motion for relief from judgment under Rule 59 or Rule 60 will toll the deadline to appeal if "filed no later than 28 days after the judgment is entered." FED. R. APP. P. 4(a)(4)(A)(vi). Because Oberg's Rule 60 motion was filed 52 days after entry of judgment, it did not toll the time to appeal. Oberg claims he did not receive notice of the order and judgment of dismissal until May 5, 2022 – 37 days after it had been entered. Accordingly, through no fault of his own, Oberg was unable to file a time-tolling motion within 28 days of entry of judgment. But as is discussed more fully below, the Court is without authority to extend the time for filing a time-tolling motion.

The Federal Rules of Civil Procedure, while allowing enlargements of time to perform many acts, *see* FED. R. CIV. P. 6(b), provide that, a "court must not extend the time to act under Rule[ ] …60(b)." FED. R. CIV. P. 6(b)(2). Further, Federal Rule of Civil Procedure 4 provides that a Rule 60b motion only tolls the time to file an appeal if it "is filed no later than 28 days after the judgment is entered." FED. R. APP. P. 4(a)(4)(A). "The taking of an appeal in a civil case within the time prescribed by statute is "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 205 (2007). Further, the Court "has no authority to create equitable exceptions to jurisdictional requirements." *Id*. Accordingly, to the extent that Oberg asks the Court to deem his Rule 60 motion as having been filed within 28 days of entry of judgment, thereby tolling his time to appeal, the Court lacks the authority to provide the requested relief. *See United States v. 109 Derr Ave., Laramie Cnty., Cheyenne, Wyoming*, 758 F. App'x 646, 649 n.5 (10th Cir. 2018) (finding that litigant's

request for the court to equitably toll the time to appeal because he did not receive timely notice of the district court's judgment "must" be rejected).

Oberg also contends that the 37-day delay "automatically remov[ed] his right to appeal and his ability to file a timely notice." This is not accurate. In the instant case, because the United States is a party, Oberg had 60 days from entry of judgment to file his appeal. FED. R. APP. P. 4(a)(1)(B)(i). Thus, when Oberg received the order and judgment of dismissal, he had 23 days remaining before his 60-day appeal period expired. Additionally, he had 53 days remaining to seek an extension of the time to appeal. *See* FED. R. APP. P. 4(a)(5)(A) (a district court may extend the time for filing a notice of appeal if, *inter alia*, "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires"). Thus, when Oberg received the order and judgment of dismissal, he still had time to file a timely notice of appeal or motion to extend the deadline to appeal. Oberg failed to do so, not because of a mail delay, but because he misread the date judgment was entered.[4] And Oberg's mistake does not provide a basis for extending the time to appeal. *See Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378, 381 (7th Cir. 2012) ("The judiciary is not entitled to add time just because a litigant fails to open or read his mail — or for any other extra-statutory reason.").

The Court next considers whether Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6) provides an avenue for relief. As noted above, under Rule 4(a)(5), a district court

---

[4] The Court further notes that, under Federal Rule of Civil Procedure 77(d), "[l]ack of notice of the entry does not affect the time for or relieve – or authorize the court to relieve – a party for failing to appeal within the time allowed, except as allowed by Federal Rule of appellate Procedure (4)(a)." FED. R. CIV. P. 77(d).

may extend the time to file notice of appeal if a party so moves no later than thirty days after the original deadline for the filing of notice of appeal, and that party shows "excusable neglect or good cause." FED. R. APP. P. 4(a)(5). Alternatively, under Rule 4(a)(6), a district court may reopen the time to appeal upon finding that: (1) the appealing party did not receive notice of the entry of judgment within 21 days after its entry; (2) the appealing party moved to reopen the time for appeal within 180 days after the judgment was entered, or 14 days after the party receives notice of the judgment, which ever is earlier; and (3) no party will be prejudiced. FED. R. APP. 4(a)(6). Because these requirements are statutory, compliance is "mandatory and jurisdictional." *Bowles*, 551 U.S. at 209. Here, the Court is without authority to grant relief under either provision. To be eligible for an extension under Rule 4(a)(5), Oberg's motion must have been filed no later than June 27, 2022. Oberg's motions seeking to extend his deadline to appeal were filed on April 3, 2023. His motions are also untimely under Rule 4(a)(6). Oberg alleges he received notice on May 5, 2022. Thus, 14 days after receipt of notice (14 days after receipt of notice would be May 19, 2022 and 180 days after entry of judgment would be September 26, 2022) is the earlier date by which a motion to reopen must have been filed. Accordingly, even construed as a motion to reopen, Oberg's motions are untimely.[5] For these reasons, Oberg's motions, whether construed as a request to extend the deadline to file an appeal or as a request to reopen the time to appeal, must be denied.[6]

---

[5] As previously noted, when Oberg received notice on May 5, 2022, he still had time left to file a notice of appeal. Accordingly, the Court questions whether Rule 4(a)(6) could be applied to the motions filed on April 3, 2023.
[6] One final note, in Oberg's Motion to Correct Error (Doc. 17), he indicates that he mistakenly argued in his Motion for Relief from Judgment that the order and judgment of dismissal were entered on April 29, 2022.

### III.     Conclusion

For the reasons set forth herein, the Motion for Relief from Judgment (Doc. 16) is

**DENIED**. The Motion to Correct Error (Doc. 17) is **DENIED** and the Motion for Extension

of Time to File Notice of Appeal (Doc. 18) is **DENIED**.

      **SO ORDERED.**

      Dated: May 22, 2023

                                     _____

                                     DAVID W. DUGAN
                                     United States District Judge

---

He asks the Court to correct the record to reflect that the order and judgment of dismissal were entered on March 29, 2022. The Court appreciates Oberg's desire to correct his Motion for Relief from Judgment. There, however, is no need to take further action. This order sufficiently addresses and clarifies any confusion in that regard.

10